UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MOHAMED IBRAHIM,

      Plaintiff,

      v.                            Case Number 2:25-cv-289
                                      Judge Edmund A. Sargus, Jr.
                                      Magistrate Judge Caroline H. Gentry

J. LEDFORD, *et al.*,

      Defendants.

## ORDER

This matter is before the Court on an Order and Report and Recommendation issued by the Magistrate Judge on October 2, 2025. (ECF No. 9.) As explained by the Magistrate Judge, Plaintiff Mohamed Ibrahim is a prisoner in the custody of the Ohio Department of Rehabilitation and Correction and is currently incarcerated at Warren Correctional Institution ("WCI"). (*Id.* PageID 61.) Mr. Ibrahim, proceeding *pro se* and *in forma pauperis*, brings claims under 42 U.S.C. § 1983 against WCI Warden Harris, WCI Corrections Officers George and Calhoun, and Inspector Ledford for three separate incidents that occurred while he was incarcerated at WCI. (*Id.* PageID 59, 62.) First, Mr. Ibrahim alleges that he was confined in a cell without lights and with live wires hanging from the walls that resulted in injuries after he pushed his cellmate away from the live wires. (ECF No. 10, PageID 74.) Second, Mr. Ibrahim alleges that his cellmate committed suicide despite Mr. Ibrahim's request for assistance to Corrections Officer George. (*Id.*) Third, Mr. Ibrahim alleges that Corrections Officer Calhoun subjected him to an unreasonable strip search in a stairwell that amounted to sexual harassment. (*Id.* PageID 75.)

The Magistrate Judge conducted an initial screen of Mr. Ibrahim's complaint per 28 U.S.C. § 1915A and found that Mr. Ibrahim's Eighth Amendment claim against Inspector

Ledford from the first incident may proceed. (ECF No. 9, PageID 62–63.) Additionally, the Magistrate Judge recommends (1) that Mr. Ibrahim's claim against Corrections Officer Calhoun arising from the third incident be severed and dismissed without prejudice to allow Mr. Ibrahim to file a new lawsuit and (2) that all other claims be dismissed. (*Id.* PageID 63–69.)

After a magistrate judge issues a report and recommendation, any party may object within 14 days by serving and filing written objections to the magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C). Failure to object results in waiver of the right to a *de novo* review of the Report and Recommendation by the district court. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Mr. Ibrahim was advised of his right to object to the Order and Report and Recommendation and the consequences of failing to do so. (ECF No. 9, PageID 70–71.) Mr. Ibrahim did not object to the Order and Report and Recommendation.

Accordingly, the Court **ADOPTS** and **AFFIRMS** the Order and Report and Recommendation. (ECF No. 9.) Plaintiff's claims seeking money damages from any Defendant in his or her official capacity are **DISMISSED with prejudice**. Plaintiff's claims regarding the suicide of his cellmate are **DISMISSED with prejudice** for lack of standing. Plaintiff's claims against Warden Harris are **DISMISSED** for failure to state a claim upon which relief can be granted. Plaintiff's claim against Defendant Calhoun arising from the strip search is **SEVERED** under Federal Rule of Civil Procedure 21 and **DISMISSED without prejudice**. Plaintiff's Eighth Amendment conditions-of-confinement claim against Defendant Ledford remains.

The Clerk is directed to **TERMINATE** Defendants Warden Harris, Corrections Officer George, and Corrections Officer Calhoun from this case.

The Clerk is further **DIRECTED** to mail a copy of this Order to Plaintiff Mohamed Ibrahim A677409 at Warren Correctional Institution, P.O. Box 120, State Route 63, Lebanon, Ohio, 45036.

This case remains open.

**IT IS SO ORDERED.**

**2/10/2026** \
**DATE**

**s/Edmund A. Sargus, Jr.** \
**EDMUND A. SARGUS, JR.** \
**UNITED STATES DISTRICT JUDGE**